Mark D. Kemple (State Bar No. 145219)
mkemple@jonesday.com
Erik K. Swanholt (State Bar No. 198042)
ekswanholt@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

Attorneys for Plaintiff GREYSTONE CDE, LLC and
Counter-Defendant GREYSTONE SERVICING
CORPORATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| GREYSTONE CDE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANTA FE POINTE, LP, et al.,<br><br>Defendants. | Case No. C 08-02756 JL<br><br>STATEMENT RE PENDENCY OF OTHER ACTION OR PROCEEDING<br><br>(CIVIL L.R. 3-12) |

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Greystone CDE, LLC and Counter-Defendant Greystone Servicing Corporation, Inc. (collectively, the "Greystone parties") hereby file this Statement Regarding Pendency of Other Action or Proceeding. This statement is submitted at this time pursuant to the suggestion made by the Honorable Joseph C. Spero in Case No. C 07-05454 JCS.[1]

---

[1] On June 12, 2008, Theotis F. Oliphant ("Oliphant"), Santa Fe Pointe, LP, Santa Fe Management, LLC, and RANT, LLC (collectively, the "Oliphant parties") filed Notices of Related Cases pursuant to Civil L.R. 3-12 in Case Nos. C 07-05454 JCS and C 08-02756 JL, recently transferred to this district from the Southern District of New York. Because the Oliphant parties have not filed an administrative motion to consider whether the cases should be related, and Chief Magistrate Judge Larson has not assumed jurisdiction over the transferred action (neither side has stipulated to his jurisdiction), no *sua sponte* reference for such determination by Magistrate Judge Spero could or has been made by Chief Magistrate Judge Larson. *See* Civil L.R. 3-12(b) and (c). The Greystone parties expressly reserve the option and right to file an opposition to the relating of these cases if and when the issue ripens for a judicial determination according to the local rules of this district. *See* Civil L.R. 3-12(d) and (e).

I. **THE GREYSTONE PARTIES' RESPONSE**

On December 26, 2006, Theotis F. Oliphant ("Oliphant"), an experienced transactional lawyer and name partner in the law firm of Gibbs & Oliphant LLP, executed documents on behalf of himself, Santa Fe Pointe, LP, Santa Fe Management, LLC, and RANT, LLC (collectively, the "Oliphant parties") to borrow $500,000 in bridge financing from Greystone CDE, LLC in connection with a real estate development project he was pursuing. Oliphant's law firm issued an opinion letter endorsing the validity of the bridge loan documents. The Oliphant parties then defaulted on their obligations. On August 21, 2007, the Oliphant parties were served with a notice of default and, on September 21, 2007, were notified of Greystone CDE, LLC's acceleration of their obligations under the bridge loan.

As explained more fully below, there are two actions among the parties currently pending in this district. Though the action transferred from the Southern District of New York fully subsumes the matter presently pending before Magistrate Judge Spero, it includes additional claims and transactions not pled in the matter before Magistrate Judge Spero. **In short, the transferred New York action**, Case No. C 08-02756 JL **(herein the "Greystone CDE action") is substantially larger than that before Magistrate Judge Spero, and fully subsumes the smaller action presently before Magistrate Judge Spero,** Case No. C 07-05454 JCS **(herein the "Oliphant action").** Unlike the Oliphant action before Magistrate Judge Spero, in the Greystone CDE action, Greystone CDE, LLC asserts claims for breach of contract to recover under a bridge loan agreement and related guaranties entered into between the Oliphant parties and Greystone CDE, LLC. That matter arises out of the Oliphant parties' default under the bridge loan agreement and related guaranties and comprises the larger of the two actions, because it is the only action in which the underlying claims of Greystone CDE, LLC are asserted. As Magistrate Judge Spero held in the Oliphant action:

(1) the Oliphant parties' claims "do not arise from the duties and obligations contained in the guaranties that were signed in support of the bridge loan" that is at issue in the Greystone CDE action, *see* Oliphant action, Order (doc. # 37) at 9:22-23, and

    (2)    "the case management challenges posed by the dual actions" do not justify the transfer and consolidation of the Oliphant action with the Greystone CDE action.

See id., Order (doc. # 61) at 2:12-14. Likewise, as New York District Judge Patterson held in the Greystone CDE action:

    (1)    "[t]he claims in the California action, on the other hand, 'are not based on the guaranties with Greystone CDE,' as the Defendants [Oliphant parties] argued and the Northern District of California agreed in denying the motion to transfer venue," and

    (2)    "[t]he substantial differences between the actions weigh against a stay in this case."

*Greystone CDE, LLC v. Santa Fe Pointe, LP*, Case No. 07-CV-08377-RPP, slip op. (doc. # 42) at 4 (S.D.N.Y. Feb. 20, 2008).

In short, all courts agree that significant portions of the larger, Greystone CDE action, are *unrelated* to the Oliphant parties' claims.[2] At the June 6, 2008 hearing in the Oliphant action, however, all parties, and Magistrate Judge Spero, agreed that all of these claims among these parties should be heard before a single Judge. As discussed below, that efficiency can <u>only</u> be attained *if they are heard in the Greystone CDE action* by an Article III United States District Judge.

While all parties have consented to magistrate judge jurisdiction on the claims presented by the Oliphant parties in the Oliphant action,[3] **no party has consented to the magistrate judge assigned to the larger Greystone CDE action (presently assigned to the Honorable James Larson, Chief Magistrate Judge), or waived their right to proceed before an Article III United States District Judge.** Though consents or declinations to Chief Magistrate Judge

---

[2] Oliphant's claims in each action are the same. Under the Civil Local Rules of this district, actions are "related" when (1) "[t]he actions concern substantially the same parties, property, transaction or event" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

[3] The Greystone parties notified the Court on November 8, 2007 of their consent to proceed before a United States magistrate judge in the Oliphant action. (doc. # 12).

1  Larson's jurisdiction in the Greystone CDE action were not due until September 3, 2008,[4] oddly,
2  and in what appears to be an attempt at judge-shopping, the Oliphant parties purport to "consent"
3  in that action to "Magistrate Judge *Joseph J. [sic] Spero*."[5] Of course, Magistrate Judge Spero is
4  not assigned to that action; Chief Magistrate Judge Larson is assigned to that action. The
5  Oliphant parties' flagrant attempt to judge-shop raises a significant concern.
6       Of similar concern, at the June 6, 2008 hearing in the Oliphant action, Magistrate Judge
7  Spero noted that all parties had the right to consent or decline the jurisdiction of a magistrate
8  judge to hear the transferred Greystone CDE action, and noted that that matter and Greystone
9  CDE's claims in it could not be heard by a magistrate judge, or transferred to him (by Chief
10 Magistrate Judge Larson or an Article III judge), unless and until all parties consented to
11 magistrate judge jurisdiction over the Greystone CDE action. While this is obviously correct,
12 Magistrate Judge Spero further stated that a declination of consent to a Magistrate Judge in the
13 transferred Greystone CDE action would be viewed as "judge shopping." That statement appears
14 contrary to 28 U.S.C. § 636(c) which provides that the "district court judge or the magistrate ...
15 shall also advise the parties that they are *free to withhold consent without adverse substantive*
16 *consequences*. Rules of court for the reference of civil matters to magistrate judges shall include
17 procedures to *protect the voluntariness of the parties' consent*." 28 U.S.C. § 636(c)(2) (emphasis
18 added). It would appear that this statement was intended to have precisely the opposite affect.
19      The Greystone CDE action has always been presided over by an Article III United States
20 District Judge. Particularly given the concerns noted above, the Greystone parties do not hereby
21 waive their Constitutional right to continue to have their action, the larger Greystone CDE action,

---

[4] The case management conference in the Greystone CDE action is presently set for September 10, 2008. *See* Greystone CDE action, Amended ADR Scheduling Order (doc. # 3) at 2 (case management statement due on September 3, 2008). Unless ordered otherwise by the court in that action, declinations to magistrate judge jurisdiction are in the Greystone CDE action are not due until September 3, 2008. *See id.* (case management statement due on September 3, 2008); Civil L.R. 73-1(a)(1) ("Parties must either file written consent to the jurisdiction of the magistrate judge, or request assignment to a district judge, by the deadline for filing the initial case management conference statement."). No such order has issued in that action. We note that the Greystone parties notified the Court on November 8, 2007 of their consent to proceed before a magistrate judge in the Oliphant action. (doc. # 12).

[5] *See* Greystone CDE action, Consent (doc. # 5) ("Defendants-Counterclaimants . . . hereby consent to have United States Magistrate Judge Joseph J. [sic] Spero conduct any and all further proceedings in the case . . . .").

adjudicated by an Article III United States District Judge.

**Significantly, all parties and Magistrate Judge Spero concurred, and stated at the June 6 hearing, that the divergent claims between the parties should all be adjudicated by and before a single Judge. The only matter in which that can occur is in the Greystone CDE action. Moreover, the Greystone CDE action is the only matter in which all claims between all parties are pending.**

## II. FURTHER DESCRIPTION OF THE TWO ACTIONS AND THEIR PROCEDURAL HISTORY

### A. The Oliphant Action Before Magistrate Judge Spero

Aware of Greystone CDE, LLC's intention to pursue its remedies under the bridge loan documents, the Oliphant parties originally commenced an anticipatory suit against the Greystone parties in the Superior Court of California for the County of Alameda on September 7, 2007, purporting to state claims for alleged tortious conduct and breaches of contract. Specifically, the Oliphant parties purport to allege claims of (1) professional negligence, (2) breach of fiduciary duty, (3) intentional interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, (5) anticipatory breach, (6) breach of the implied covenant of good faith and fair dealing, and (7) declaratory relief. *See* Oliphant action, Second Am. Compl. (doc. # 41) ¶¶ 59-117. As alleged, these claims arise solely out of the relationship established by an Engagement Agreement entered into between Oliphant (on behalf of one of his special purpose entities) and Greystone Servicing Corporation, Inc. on September 6, 2006. *Id.* ¶¶ 60-62, 67-68, 95.[6]

The Greystone parties subsequently removed the Oliphant action to the Northern District of California where the matter was assigned to the Honorable Joseph C. Spero, United States Magistrate Judge. As the court has noted, the Oliphant parties' claims "do not arise from the duties and obligations contained in the guaranties that were signed in support of the bridge loan"

---

[6] Initially, the Oliphant parties did not notify the Greystone parties of these claims, electing to maintain the pendency of their action in secrecy during their negotiations with the Greystone parties. The Oliphant parties eventually notified the Greystone parties of their claims on September 25, 2007, when they filed and served a First Amended and Supplemental Complaint for Damages and Declaratory Relief.

at issue in the Greystone CDE action, described below. *See* Oliphant action, Order (doc. # 37) at 9:22-23.

### B. The Greystone CDE Action

After serving a notice of default and a notice of acceleration, Greystone CDE, LLC commenced an action on September 26, 2007 against the Oliphant parties in the United States District Court for the Southern District of New York, Case No. 07-CV-8377-RPP, entitled *Greystone CDE, LLC v. Santa Fe Pointe, L.P*, to collect on the bridge loan obligations. The action was presided over by the Honorable Robert P. Patterson, United States District Judge, who noted:

> Plaintiff (Greystone) selected this forum [*i.e.*, the Southern District of New York] based on the forum selection clauses of the loan guaranties, which each Defendant (Oliphant Parties) executed in favor of Greystone CDE. . . . Subsequent to signing the loan and guaranty agreements, Defendant Oliphant's law office rendered a legal opinion as to the validity and enforceability of the bridge loan agreement and the partners' guaranties thereof. Having previously agreed to litigate this case in New York should Plaintiff institute an action here, Defendants cannot now claim that their burden in doing so outweighs the interest of Plaintiff in proceeding with this action.

*Greystone CDE, LLC v. Santa Fe Pointe, LP*, Case No. 07-CV-08377-RPP, slip op. (doc. # 42) at 4 (S.D.N.Y. Feb. 20, 2008). Judge Patterson also rejected the application of the first-to-file rule[7]:

> Although it is true that Defendants [Oliphant parties] filed an action in California state court prior to Plaintiff's filing this action, they did not serve process until the day before Plaintiff filed its action here in New York, nor did they disclose the filing of their action while they negotiated with Plaintiff. Moreover, as Plaintiff points out, the California action was filed well after Defendants received a notice of default and of Greystone CDE's intent to pursue collection remedies. This sequence weighs against an application of the first to file rule.

*Id.* at 5.

The Oliphant parties subsequently filed counterclaims in the Greystone CDE action that are identical to their claims in the Oliphant action. On the basis of their counterclaims, the Oliphant parties sought transfer of the Greystone CDE action to this district. Alerted of these

---

[7] Although the issue of the first-to-file rule was briefed in the Oliphant action, Magistrate Judge Spero had declined to rule on that issue. *See* Oliphant action, Order (doc. # 37) at 10 n.2.

1  developments and of District Judge Patterson's rejection of the first-to-file rule, Magistrate Judge
2  Spero granted the Greystone parties leave to move for reconsideration of the order denying
3  transfer of the Oliphant action, and treated the application as the motion. However, without
4  conducting a hearing on that motion, Magistrate Judge Spero then denied it.[8] Under these
5  inexorable circumstances, District Judge Patterson then ordered the transfer of the Greystone
6  CDE action to the Northern District of California where it is presently assigned to the Honorable
7  James Larson, Chief Magistrate Judge.
8  　　　　The Greystone CDE action is unquestionably the larger of the two actions because, in
9  addition to counterclaims identical to those raised by the Oliphant parties in their action, it
10 contains the underlying contract claims of Greystone CDE, LLC which are not raised in the
11 Oliphant action. Moreover, Magistrate Judge Spero has already held that the claims of the
12 Oliphant parties in the Oliphant action do not arise out of the bridge loan agreements and
13 guaranties.[9]
14 　　　　Nonetheless, all parties and Magistrate Judge Spero have stated that they agree that all of
15 these divergent claims should be adjudicated before a single Judge. The only matter in which that
16 can occur is in the Greystone CDE action by an Article III United States District Judge.
17 Moreover, the Greystone CDE action is the only matter in which all claims between all parties are
18 pending.

---

[8] Oliphant action Order (doc. # 61) at 2:12-14 ("the case management challenges posed by the dual actions" do not justify the transfer and consolidation of the Oliphant action with the Greystone CDE action).

[9] Oliphant action, Order (doc. # 37) at 9:22-23 (the Oliphant parties' claims "do not arise from the duties and obligations contained in the guaranties that were signed in support of the bridge loan" that is at issue in the Greystone CDE action).

| | | |
|---|---|---|
| 1 | Dated: June 16, 2008 | JONES DAY |
| 2 | | |
| 3 | | By: /s/ Mark D. Kemple |
| 4 | | Mark D. Kemple<br>Erik K. Swanholt |
| 5 | | Attorneys for Plaintiff Greystone CDE, LLC and Counter-Defendant Greystone Servicing Corporation, Inc. |

LAI-2955494v2

Statement Regarding Pendency of Other Action or Proceeding
C 08-02756 JL